UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## MEMORANDUM

| | | | |
|---|---|---|---|
| Case No. | CV 10-9462 DSF (SSx) | Date | 5/12/11 |
| Title | Elvenia Bratton v. Ocwen Loan Servicing, et al. | | |

| Present: The Honorable | DALE S. FISCHER, United States District Judge |
|---|---|

| Debra Plato | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** (In Chambers) Order to Show Cause re Whether the Court Should Set Aside Defendant HSBC Bank USA N.A.'s Default

Rule 55(c) of the Federal Rules of Civil Procedure authorizes the Court to "set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). The Court may set aside an entry of default sua sponte. See Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec, 529 F.3d 371, 385–86 (7th Cir. 2008).

Plaintiff filed this action on December 9, 2010. (Docket No. 1.) It is not clear whether she attempted to effectuate service on Defendant HSBC Bank USA N.A. pursuant to Rule 5(b) of the Federal Rules of Civil Procedure, which would not have been proper, or Rule 4(h). (Compare Docket No. 11 with Docket No. 26 at 10-11.) A "branch officer operations" of HSBC Bank purportedly signed an acknowledgment of service, but did not date the acknowledgment. (See Docket No. 11.) It also is not clear that this person is "an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process" on behalf of HSBC Bank. Fed. R. Civ. P. 4(h). The Clerk entered default against HSBC Bank after it failed to plead or otherwise defend against the action after this attempted service. (Docket No. 29.)

Because it is not clear whether HSBC Bank was ever properly served in accordance with Rule 4(h), the Court orders Plaintiff to show cause by June 6, 2011 why HSBC Bank's default should not be set aside. In addition, because it is not clear whether the default should be set aside, the Court takes the default judgment hearing set for May 23, 2011 off-calendar.

IT IS SO ORDERED.